**Kaufman Lieb Lebowitz & Frick**
attorneys at law

(212) 660-2332
10 E. 40th St., Suite 3307
New York, NY 10016
www.kllf-law.com

December 4, 2020

**MEMO ENDORSED**

By ECF
Hon. Edgardo Ramos
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

>  Re:   *Xia, et al. v. 65 West 87th Street Housing Dev. Fund Corp., et al.*,
>        No. 20 Civ. 3576 (ER)

Dear Judge Ramos:

We represent Plaintiffs Eva Xia and Paul Privitera in this action. We write pursuant to Local Rule 37.2 and Individual Rule 2.A.1 to request a pre-motion discovery teleconference regarding Defendants' failure to meaningfully participate in discovery.

In particular, we ask the Court to set deadlines for Defendants to (1) provide proper document and interrogatory responses and inform Plaintiffs of what documents, if any, they intend to withhold based on their objections; (2) agree to an ESI protocol and timeline for document review and production; and (3) produce a privilege log explaining their redactions to certain documents produced by third-party Sandra Balan.

### *Case and Discovery Background*

Plaintiffs filed their Complaint on May 7, 2020, alleging that Defendants discriminated against them on the basis of race by refusing to approve their purchase of an apartment in Defendants' HDFC co-op building. ECF No. 1. Defendants filed a Motion to Dismiss on July 28, to which Plaintiffs responded on August 18 and Defendants replied on September 3. ECF Nos. 27, 30, 35. That motion is pending.

Pursuant to the Court's Order that discovery proceed while the motion to dismiss is pending, the parties exchanged initial disclosures in July. Plaintiffs served their first set of document requests and interrogatories on July 15, and Defendants on August 7. Plaintiffs served their responses to Defendants' requests on September 8, and Defendants to Plaintiffs' on August 21. On September 28, Plaintiffs sent Defendants a letter raising deficiencies in their discovery responses. Ex. 1 (Deficiency Letter).

On August 20, Plaintiffs sent Defendants a draft ESI protocol with proposed search terms. The parties met and conferred on September 2 about certain discovery issues, and defense counsel indicated during that call that they would soon be providing proposed revisions to Plaintiffs' proposal. Defense counsel ultimately provided proposed revised search terms on September 25. The parties continued to negotiate over the search terms for two additional weeks. As of October 9, the parties had agreed to all

terms except for a single word that Plaintiffs proposed be included in one of Defendants' search strings and to which Defendants objected. On that day, Plaintiffs asked Defendants to clarify the basis for their objection but received no response. Plaintiffs' counsel thereafter sent additional emails on October 23, November 10, November 12, November 18, November 23, and November 30 asking Defendants to confirm that the parties were in agreement as to the search terms and that they would be running the searches and producing responsive documents. Defendants have refused to provide such confirmation and have ignored Plaintiffs' emails on this subject.

In late summer, Plaintiffs also begun third-party discovery, including by issuing a subpoena to AmTrust North America, Defendants' insurance provider, which Defendants moved to quash. ECF No. 44. That motion is also pending before the Court. Plaintiffs also issued third-party subpoenas to Sandra Balan, the real estate broker for the seller in the transaction, and her daughter, Samantha Pinkowitz, who resides in the building and is a member of the co-op Board.

On November 16, the parties participated in a meet and confer to discuss Plaintiffs' discovery concerns, including the three issues described in further detail below: (1) Plaintiffs' deficiency letter and Defendants' failure to provide adequate discovery responses; (2) the status of Defendants' search, review, and production of documents; and (3) Defendants' failure to provide a privilege log for their redactions to certain documents produced by Ms. Balan. Although Defendants represented that they would remedy their discovery deficiencies, they have not done so, nor have they responded to Plaintiffs' follow-up emails imploring their participation in discovery.

### ***Defendants Have Neglected to Engage in the Discovery Process***

Although the parties have technically been in discovery for approximately six months, Defendants have failed to meaningfully engage in the discovery process. Plaintiffs seek the Court's assistance with three primary areas of deficiency.

First, Defendants have failed to adequately respond to Plaintiffs' document requests. *See* Ex. 2 (Defendant's Discovery Reponses). In particular, Defendants responded to nearly all of Plaintiffs' document requests and interrogatories with generic objections as to scope, clarity, and burden, but improperly failed to state what documents, if any, the intend to withhold based on their objections. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."); *accord Fischer v. Forrest*, No. 14 Civ. 1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). Defendants must explain whether responsive information has been withheld on the basis of each objection, or else provide Plaintiffs with "the limits that have controlled the search for responsive and relevant materials." *See* Fed. R. Civ. P. 34 advisory committee's note, 2015 Amendment. Although Defendants represented that they would provide updated responses, they have

not done so, and they have ignored Plaintiffs' follow-up emails on this issue. Ex. 3 (Plaintiffs' Follow-up Emails).

Second, Defendants have refused to confirm their agreement to ESI search terms or to update Plaintiffs on the status of their document search, review, and production. Ex. 3. Defendants produced 569 pages of documents on August 21, the great majority of which consisted of Plaintiffs' purchase application. Although Defendants stated in an email that they planned to produce additional documents "around September 4," they have produced no additional documents since August.

Plaintiffs have repeatedly attempted to confirm Plaintiffs' understanding that the parties will substantially complete document production by mid-December 2020, such that depositions may proceed in January 2021. Defendants have not responded to these inquiries, nor have they provided Plaintiffs with any indication of when Defendants do intend to make additional production, despite the fact these previously agreed dates appear increasingly untenable due to the issues outlined in this letter.

Third, Defendants have refused to produce a privilege log explaining redactions that they made to documents produced by Ms. Balan and Ms. Pinkowitz. Plaintiffs issued subpoenas to Ms. Balan and Ms. Pinkowitz on August 20, and Ms. Balan produced responsive documents on behalf of both. In conducting a cursory review of the documents, Plaintiffs noticed that Defendants' attorney for the real estate transaction appeared on several emails. In an abundance of caution, Plaintiffs sent the production to Defendants to conduct a privilege review prior to Plaintiffs' review. Defendants sent back a redacted version of the production on November 13, but despite multiple representations that a log was forthcoming, have not provided a privilege index explaining the basis for their redactions. Ex. 3.

***

In sum, Plaintiffs are growing increasingly concerned about Defendants' failure to meaningfully engage in discovery, particularly given the early 2021 deadline for fact discovery. It is imperative that Defendants (1) provide proper document and interrogatory responses and inform Plaintiffs of what documents, if any, they intend to withhold based on objections; (2) engage with Plaintiffs with respect to an ESI protocol and document review and production; and (3) produce a privilege index with respect to their redactions on the Balan-Pinkowitz documents.

Plaintiffs are prejudiced by Defendants' failure to communicate or meaningfully engage in this litigation, and we request the Court's assistance in moving discovery forward. We are available for a pre-motion conference at the Court's convenience. We thank the Court for its time and attention to these matters.

Respectfully Submitted,

/s Alanna Kaufman

David Lebowitz
Alanna Kaufman

CC: All counsel via ECF

> Defendants may respond to the arguments raised in this letter by no later than December 10, 2020. A discovery conference will be held remotely and by telephone on December 16, 2020 at 9:45am. The parties are instructed to call (877) 411-9748 and enter access code 3029857# when prompted.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 12/7/2020
> New York, New York