**BOYD|RICHARDS**
Parker|Colonnelli

Jacqueline Aiello, Esq.
jaiello@boydlawgroup.com
New York Office

November 22, 2021

<u>via ECF</u>
Hon. Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Xia, et al. v. 65 West 87th Street Housing Development Fund Corporation et al.*,
            **Case No. 1:20-cv-03576 (ER)**

Dear Judge Ramos:

      We represent the Defendants in the above-referenced action. The Court's October 22, 2021 order directed the parties to submit a status report regarding the testimony of Samantha Pinkowitz and the status of discovery in this case. We submit this letter reflecting the protocol that has been agreed between Defendants and Ms. Pinkowitz' counsel for taking Ms. Pinkowitz' testimony. Defendants request that discovery be extended to allow time to complete the process, which can be completed within 80 days from the date of the Court's approval of the protocol. After Ms. Pinkowitz's testimony is secured, Defendants believe that discovery will be complete. Further, Defendants have re-assessed their prior decision not to move for summary judgment in this matter, would like to make a dispositive motion, and request that the Court set a deadline for the parties to file opening summary judgment briefs for 45 days from the date that Defendants receive Ms. Pinkowitz' testimony, through the protocol set out below.

      Defendants will take Ms. Pinkowitz' testimony *via* interrogatories. Defendants will be serve Ms. Pinkowitz with one set of interrogatories, with an overall limit of 30 queries, including subparts. Within 20 days from the date that the Court enters an order approving the protocol, Defendants will serve the interrogatories on Ms. Pinkowitz with a copy provided to Plaintiffs. Within 20 days of service, Ms. Pinkowitz will serve written objections to the interrogatories. Counsel for Defendants and Ms. Pinkowitz will confer in an attempt to resolve objections, with the aim of arriving at queries to which Ms. Pinkowitz can provide substantive responses. Within 20 days of Ms. Pinkowitz' service of objections, Defendants will serve revised interrogatories reflecting the resolution of objections, to the extent counsel are able to come to an agreement. Within 20 days of service of the revised interrogatories, Ms. Pinkowitz will provide sworn written responses.

**BOYD RICHARDS**

| **MIAMI** | **FT. LAUDERDALE** | **TAMPA** | **WEST PALM BEACH** | **NEW YORK** |
|---|---|---|---|---|
| 100 S.E. Second Street, Suite 2600 | 1600 W. Commercial Boulevard, Suite 201 | 400 N. Ashley Drive, Suite 1150 | 824 U.S. Highway One, Suite 100 | 1500 Broadway, Suite 505 |
| Miami, Florida 33131 | Fort Lauderdale, Florida 33302 | Tampa, Florida 33602 | North Palm Beach, Florida 33408 | New York, New York 10036 |
| Tel: 786-425-1045 Fax: 786-425-3905 | Tel: 954-848-2460 Fax: 954-848-2470 | Tel: 813-223-6021 Fax: 813-223-6024 | Tel: 561-624-8233 Fax: 561-624-8940 | Tel: (212) 400-0626 |

Plaintiffs' counsel has advised that they do not object to this protocol but that they do not agree that the interrogatory responses will be admissible and that they reserve their rights on this issue. As such, we request that the Court resolve the issue of admissibility, *via* letter motion, prior to ruling on the protocol.

Indeed, the Defendants have agreed, in principle, to proceed with this protocol so as to accommodate Ms. Pinkowitz' purported inability to appear for a deposition, but at the same time to satisfy the Defendants' right to obtain sworn testimony - - to be used in motion practice and/or at trial - - from a witness who undoubtedly has relevant knowledge. The Defendants must not be prejudiced by agreeing to this protocol to accommodate Ms. Pinkowitz, should her responses not be deemed admissible. If the Court determines that such a protocol would not lead to admissibility of these statements, the Defendants respectfully request that the Defendants be permitted to pursue Ms. Pinkowitz' sworn statements through a different discovery channel which *would* be deemed admissible. There is no legitimate basis for Plaintiffs to prevent the Defendants from obtaining admissible evidence from Ms. Pinkowitz.

We have shared this submission with Plaintiffs' counsel in draft form prior to finalizing and filing it. Plaintiffs have advised that they intend to submit their own letter on these issues. We thank the Court for its consideration of this submission.

Respectfully submitted,

/s/ Jacqueline L. Aiello

Jacqueline L. Aiello

Cc: Alanna Kaufman, Esq. (*via* ECF)
    Bruce Cholst, Esq. (*via* email on consent)